IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-790-BO

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE CO., Plaintiff, | )<br>)<br>)<br>) |
| v. | )     ORDER |
| | ) |
| PATRICIA PITTMAN, individually and as Executrix of the Estate of Hilton C. Pittman, Jr., MARTHA A. PITTMAN, and ALISA J. PITTMAN, Defendants. | )<br>)<br>)<br>)<br>) |

This cause comes before the Court on a motion by defendant Alisa Pittman to dismiss the cross-claim of defendant Patricia Pittman, individually and as Executrix of the Estate of Hilton C. Pittman, Jr. A hearing was held on the matter before the undersigned on April 11, 2014, at Raleigh, North Carolina. For the reasons discussed below, the motion to dismiss is granted and the cross-claim of Patricia Pittman is dismissed.

## BACKGROUND

Jackson National Life Insurance Co. filed a complaint in interpleader pursuant to 28 U.S.C. § 1335 requesting that defendants interplead their respective claims to the policy proceeds of a life insurance policy on Hilton Pittman, that the Court accept its payment of $375,000 with interest in full payment of the remaining amount due under the policy on account of Mr. Pittman's death, and that it be discharged from all further liability under the policy. [DE 1]. All defendants were served, and only Patricia Pittman appeared and answered the complaint stating her claim to the life insurance proceeds. Default was entered against the remaining defendants

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and on October 4, 2013, the Court entered a consent judgment dismissing Jackson National Life Insurance Co., entering default judgment against Alisa and Martha Pittman, and directing the clerk to pay agreed upon fees and costs to Jackson National and the balance of the funds on deposit to Patricia Pittman. [DE 39].

Prior to the entry of the default and consent judgment, Patricia Pittman had filed a cross-claim against Alisa Pittman; the Court reserved its jurisdiction over such cross-claim in the default and consent judgment. In her cross-claim, Patricia Pittman claims that a dispute exists between Patricia Pittman, as Executrix of the Estate of Hilton Pittman, and Alisa Pittman over a promissory note allegedly executed by the decedent regarding which Alisa Pittman has alleged she is entitled to recover a sum in excess of $180,000 from the Estate of Hilton Pittman. [DE 36]. Patricia Pittman seeks a declaratory judgment that the Estate is not liable to Alisa Pittman under the promissory note and that the costs of the action, including attorney's fees, be taxed against Alisa Pittman. Patricia Pittman in her original answer to the complaint also raised as a "second defense" that the costs and fees of the interpleader action should be taxed against Martha and Alisa Pittman, whose failure to cooperate and refusal to execute the waiver has made this litigation necessary. [DE 19].

## DISCUSSION

I. CROSS-CLAIM FOR ATTORNEY'S FEES

The Court addresses first Patricia Pittman's "second defense" seeking to tax expenses, costs, and/or attorneys' fees against Alisa and Martha Pittman for failure to cooperate. Patricia Pittman has pled no statutory or other basis for her claim that she would be entitled to attorney's fees or costs from Martha or Alisa Pittman for any alleged failure to cooperate and thus this

claim, insofar as it can be construed one, must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Papasan v. Attain*, 478 U.S. 265, 283 (1986) (Rule 12(b)(6) motion tests the legal sufficiency of the complaint).

II. CROSS-CLAIM FOR DECLARATORY JUDGMENT

The Court next considers its jurisdiction over Patricia Pittman's declaratory judgment cross-claim against Alisa Pittman. Alisa Pittman contends that this Court lacks subject matter jurisdiction over the claim and personal jurisdiction over Alisa Pittman, and the Court agrees.

As Patricia Pittman has raised her declaratory judgment claim as a cross-claim, the Court must determine whether it "arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). The subject matter of the original action was a life insurance policy; the subject matter of the cross-claim is a promissory note relating to a settlement of an action filed in Mississippi. While Patricia Pittman contends that the cross-claim arises, like the original claim, out of an instrument issued to facilitate certain alleged interests in and rights to the Pittman Family Business and assets, the Court does not find that as alleged the cross-claim is sufficiently related to the life insurance proceeds nor does it arise out of a transaction or occurrence that was the subject of the original action. This original action was in interpleader for the sole purpose of determining the proper beneficiary to the proceeds of a life insurance policy. The questions of law and fact raised in the complaint are not substantially similar, nor would the same evidence support or refute the complaint as well as the cross-claim. *See Kirkcaldy v. Richmond Co. Bd. of Educ.*, 212 F.R.D. 289, 295 (M.D.N.C. 2002). Finally, the Court finds there to be no logical relationship between the original action and the cross-claim. *Id.*; *see also Ionian Corp. v. Country Mut. Ins. Co.*, 836 F. Supp. 2d 1173, 1182 (D. Or. 2011)

3

("claim for unpaid rent does not relate to the insurance proceeds which is the 'property that is the subject matter of the original action'"). Thus, as Rule 13(g) has not been satisfied, the Court lacks subject matter jurisdiction to consider Patricia Pittman's declaratory judgment cross-claim. Even if the Court were to find that Rule 13(g) had been satisfied, "[f]or cross-claims to be proper, they must either carry an independent basis for subject matter jurisdiction or must fall under the Court's supplemental jurisdiction." *Banner Life Ins. Co. v. Bonney*, 2:11CV198, 2011 WL 5027498 (E.D. Va. Oct. 21, 2011).

The Court lacks a basis for independent jurisdiction over the cross-claim. The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not, however, create an independent basis for subject matter jurisdiction. *Gibraltar, P.R., Inc. v. Otoki Grp., Inc.* 104 F.3d 616, 619 (4th Cir. 1997). In support of this Court's jurisdiction, the cross-claim alleges that the Court has diversity jurisdiction over the cross-claim, as the parties are diverse and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. However, "the probate exception [to diversity jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

Alisa Pittman contends that the cross-claim concerns her probate of a claim in the matter of the deceased, Hilton Pittman, in Alcorn County, Mississippi. Hilton Pittman Jr. died on May 26, 2011, and his estate is being administered in the Chancery Court of Alcorn County, Mississippi. On February 19, 2013, Alisa Pittman made her probate claim in the Mississippi

4

Case 5:12-cv-00790-BO   Document 44   Filed 04/15/14   Page 4 of 6

("claim for unpaid rent does not relate to the insurance proceeds which is the 'property that is the subject matter of the original action'"). Thus, as Rule 13(g) has not been satisfied, the Court lacks subject matter jurisdiction to consider Patricia Pittman's declaratory judgment cross-claim. Even if the Court were to find that Rule 13(g) had been satisfied, "[f]or cross-claims to be proper, they must either carry an independent basis for subject matter jurisdiction or must fall under the Court's supplemental jurisdiction." *Banner Life Ins. Co. v. Bonney*, 2:11CV198, 2011 WL 5027498 (E.D. Va. Oct. 21, 2011).

The Court lacks a basis for independent jurisdiction over the cross-claim. The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not, however, create an independent basis for subject matter jurisdiction. *Gibraltar, P.R., Inc. v. Otoki Grp., Inc.* 104 F.3d 616, 619 (4th Cir. 1997). In support of this Court's jurisdiction, the cross-claim alleges that the Court has diversity jurisdiction over the cross-claim, as the parties are diverse and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. However, "the probate exception [to diversity jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

Alisa Pittman contends that the cross-claim concerns her probate of a claim in the matter of the deceased, Hilton Pittman, in Alcorn County, Mississippi. Hilton Pittman Jr. died on May 26, 2011, and his estate is being administered in the Chancery Court of Alcorn County, Mississippi. On February 19, 2013, Alisa Pittman made her probate claim in the Mississippi

court on the promissory note; Patricia Pittman on August 12, 2013, asked this Court to declare that the Estate is not liable to Alisa Pittman under the promissory note. [DE 38-A]. Based on the foregoing it is clear that this Court should not exercise its jurisdiction over any claim the subject of which is currently being probated in Mississippi.

The Court further lacks supplemental jurisdiction over Patricia Pittman's cross-claim. Supplemental jurisdiction may be exercised over state law claims which are so related to the claims in the original action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). As discussed above, the rights of parties to a promissory note are not sufficiently related to the original interpleader action seeking to establish the proper beneficiary of a life insurance policy to form a part of the same case or controversy. Moreover, even if supplemental jurisdiction were appropriate, the Court would decline to exercise its jurisdiction as it has dismissed the interpleader action over which it had original jurisdiction and there is an ongoing matter pending in Mississippi concerning the substantive issue raised by Patricia Pittman's declaratory judgment claim. 28 U.S.C. § 1367(c)(3),(4).

Because, for all of the reasons discussed above, the Court lacks subject matter jurisdiction over the cross-claim, the claim must be dismissed.[1]

---

[1] The Court would note that even if subject matter jurisdiction were proper, it lacks personal jurisdiction over Alisa Pittman as she has no ties to North Carolina, has not availed herself of any benefits or protections in North Carolina, and she has failed to appear in the underlying interpleader action and thus has not waived her right to contest this Court's personal jurisdiction. Any nationwide service of process rules related to the interpleader action would not form an adequate basis for personal jurisdiction over Alisa Pittman because, as discussed above, the cross-claim is not closely related to the claim at issue in the interpleader action. *See Rubinbaum LLP v. Related Corp. Partners V, L.P.*, 154 F. Supp.2d 481, 489 (S.D.N.Y. 2001).

5

Case 5:12-cv-00790-BO   Document 44   Filed 04/15/14   Page 5 of 6

## CONCLUSION

Accordingly, Alisa Pittman's motion to dismiss [DE 37] is GRANTED and the cross-claim by Patricia Pittman is DISMISSED in its entirety. As there are no further issues for the Court's consideration, the clerk is directed to close the file.

SO ORDERED, this 14 day of April, 2014.

/s/ Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE